FILED

06 SEP 13 PM 12: 51

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: \_\_\_\_\_ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| STEVEN SCOTT SMILLIE, | CASE NO. 06CV944-H(CAB) |
|---|---|
| Plaintiff, vs. | **ORDER RE PLAINTIFF'S LETTER AND REQUIRING RESPONSE** |
| TRAVELERS INSURANCE CO., et al., | |
| Defendant. | |

On September 5, 2006, Plaintiff submitted an ex parte letter to the Clerk and Administrator of the Court, rather than a pleading. Among other things, Plaintiff asserts that he is entitled to appointment of counsel and injunctive relief. The Court will consider his letter as a request for reconsideration of the Court's prior rulings.

Plaintiff filed a complaint on April 25, 2006 against numerous defendants, including the Automobile Insurance Company of Connecticut ("AIC") erroneously named Travelers Insurance Company of Connecticut, and the Officers and Directors of AIC and their wives; Joseph Lacher, CEO of St. Paul Travelers, and his wife; Insurance Answer Center ("Answer Center") of Encino, California, and all the Officers and Directors of Answer Center as individuals, including their wives. (Doc. No. 1.) Plaintiff presented claims for breach of contract, fraud, conspiracy, violations of the California Business and Professions Code and violations of federal disability and fair

housing statutes. (Id.) Additionally, Plaintiff filed a request for a temporary restraining order on the same day. (Id.) He alleged that AIC terminated his temporary housing benefits owed under a policy of homeowners insurance issued by AIC for his home in Ogden, Utah (hereinafter "the residence"). (Id.) The residence was damaged by fire on or before November 1, 2005. (Id.) Plaintiff also contested the value of the repairs estimated by AIC for restoration of the residence after the fire loss. (Id.)

The Court held a hearing on May 3, 2006. AIC's counsel Laura Hogan appeared for AIC and Plaintiff appeared telephonically for himself. On May 5, 2006, the Court issued an order denying Plaintiff's request for a temporary restraining order. (Doc. No. 9.) The Court determined that Plaintiff had not demonstrated irreparable harm and a probability of success on the merits, or that serious questions existed and the balance of harm tipped in his favor. See Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). The Court concluded that the extraordinary relief of a temporary restraining order was not warranted when money damages appeared to be an adequate remedy. (Doc. No. 9.) The Court noted that AIC had advanced Plaintiff $32,000, which AIC authorized Plaintiff to use for his temporary living expenses. (Id.) The Court further noted that the insurance policy contained an appraisal provision which provided for a neutral party to resolve the parties' dispute over the value of the repairs. (Id.) Additionally, the Court referred the parties to Magistrate Judge Bencivengo, who conducted a settlement conference. (Id.)

Prior to the May 3, 2006 hearing, Plaintiff submitted a request for appointment of counsel. (Doc. No. 2.) The Court denied Plaintiff's request for appointment of counsel on May 5, 2006 without prejudice. (Doc. No. 7.) After reviewing the papers and Plaintiff's ability to present his case at the May 3, 2006 hearing, the Court concluded that Plaintiff had not demonstrated a likelihood of success on the merits. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). The Court also determined that Plaintiff, a former CEO, was able to reasonably articulate his claims in light of the complexity of the legal issues involved in the case. See Id. At the hearing and in its

1  order, the Court provided Plaintiff with a non-exhaustive list of local bar associations
2  and attorneys that could provide representation, including the San Diego Bar
3  Association's lawyer referral service, the Consumer Attorneys of San Diego's lawyer
4  referral service, and Affordable Housing Advocates. (Doc. No. 7.)

5  On May 24, 2006, AIC filed a motion to dismiss Plaintiff's claims. (Doc. No.
6  11.) Plaintiff filed a reply to AIC's motion to dismiss and a request for reconsideration
7  of the Court's order denying his motion for a temporary restraining order on June 19,
8  2006. (Doc. No. 18.) Plaintiff argued that the Court should reconsider its ruling
9  because his lender would not permit him to use the funds previously remitted by AIC
10 for his personal living expenses. (Id.) On June 30, 2006, AIC filed a response to
11 Plaintiff's motion for reconsideration. (Doc. No. 23.) Attached to its response, AIC
12 provided the Court with information about Plaintiff's financial situation. (Id.) AIC
13 submitted a property transaction search of Plaintiff's residence from Weber County,
14 Utah, which demonstrated that no encumbrances existed on the residence. (Id.) AIC
15 also presented copies of checks issued to Plaintiff by AIC which Plaintiff cashed. (Id.)
16 AIC asserted that Plaintiff misled the Court about his financial circumstances, citing
17 a property in Peoria, Arizona that Plaintiff allegedly owns and resides in, as well as a
18 $2,000,000 trust left by his mother, of which Plaintiff is a beneficiary.[1] (Id.)

19 The Court issued an order denying Plaintiff's motion for reconsideration on July
20 14, 2006. (Doc. No. 27.) In light of the evidence presented by AIC, the Court
21 concluded that Plaintiff had not demonstrated that the Court's previous decision was
22 clear error, or that new evidence or a change in the controlling law warranted
23 reconsideration. See School Dist. No. 1J, Multnomah County v. AcandS, Inc., 5 F.3d
24 1255, 1263 (9th Cir. 2003).

---

[1] The Court also takes judicial notice of the bankruptcy records from In Re Steven Scott Smillie, Case No. SA 04-16027 JB. The bankruptcy records indicate that, in addition to the trust from his mother and property in Arizona, Plaintiff received an arbitration award of $197,500 in 2004 or 2005, arising out of an automobile accident. His attorney retained $63,966.66 of the award in fees, leaving Plaintiff with $127,933.34, which he used to purchase the Utah residence. Plaintiff claims that the insured value of the residence is $340,000. (Doc. No. 18.)

On August 1, 2006, the Court issued an order granting AIC's motion to dismiss in part and denying in part, and granting Plaintiff 30 days leave to file an amended complaint.[2] (Doc. No. 29.) The Court determined that Plaintiff had sufficiently presented a claim for breach of contract to survive a motion to dismiss. (Id.) The Court dismissed Plaintiff's other claims without prejudice. (Id.) On August 2, 2006, the Court issued an order dismissing the claims against Joseph Lacher and his wife, the officers and directors of AIC and their wives, and the officers and directors of Answer Center and their wives for lack of personal jurisdiction. (Doc. No. 30.) AIC filed an answer on September 11, 2006, denying the allegations in the complaint and asserting affirmative defenses.

Plaintiff submitted an ex parte letter to the Clerk or Administrator of the Court on September 5, 2006. Plaintiff asserts without citation or specific reference, that the Americans With Disabilities Act of 1990 ("ADA") mandates that the Court appoint counsel. The Court notes that it has evaluated the situation and determined that Plaintiff is able to reasonably articulate his claims in light of the complexities of the case at this time. See Terrell, 935 F.2d at 1017. Plaintiff does not appear to meet the test for appointment of counsel for indigent litigants under Terrell. See Id. Furthermore, the Court has provided Plaintiff with the names of attorneys and local organizations to contact regarding representation. There is no constitutional right to appointment of counsel in civil cases. Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994). Under these circumstances, the Court requests briefing whether, and under what statute or regulation, the Court should or should not appoint counsel.

/ / / /

/ / / /

/ / / /

---

[2] The Court also noted that it would allow Plaintiff an additional 30 days time to file an amended pleading if requested. (Doc. No. 29.)

Accordingly, the Court **ORDERS** AIC to submit further briefing whether the Court should appoint counsel under these circumstances. AIC shall file a response on or before **September 27, 2006**.

IT IS SO ORDERED.

DATED: 9/13/06

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
Steven Scott Smillie
7558 W. Thunderbird Rd. #1, Box 210
Peoria, AZ 85381

Laura E. Hogan
Lindahl, Schnabel, Kardassakis & Beck LLP
660 S. Figueroa Street, Suite 1500
Los Angeles, CA 90017-3457