FILED

06 OCT 30 AM 8:42

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ___ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SCOTT SMILLIE,<br><br>                Plaintiff,<br>vs.<br><br>TRAVELERS INSURANCE CO., et al.,<br><br>                Defendant. | CASE NO. 06CV944-H (CAB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE** |

Plaintiff Steven Scott Smillie ("Plaintiff"), proceeding *pro se*, filed a complaint and a request for a temporary restraining order on April 25, 2006. (Doc. No. 1.) The Court held a hearing on May 3, 2006, at which Plaintiff appeared telephonically for himself and Laura Hogan appeared for Defendant the Automobile Insurance Company of Connecticut ("AIC"), erroneously named Travelers Insurance Company. Subsequently, the Court denied Plaintiff's request for a temporary restraining order. (Doc. No. 9.) On May 5, 2006, the Court also denied Plaintiff's request for appointment of counsel. (Doc. No.'s 2, 7.) The Court determined that Plaintiff could reasonably articulate his claims in light of the complexity of the case. (Id.) Additionally, at the hearing and in its order, the Court provided Plaintiff with the names of several attorneys and local bar associations which Plaintiff could contact to obtain representation. (Id.)

On May 24, 2006, AIC filed a motion to dismiss. (Doc No. 11.) On August 1, 2006, the Court granted AIC's motion in part and denied it in part and concluded that Plaintiff sufficiently stated a claim for breach of contract to survive AIC's motion. (Doc. No. 29.) The Court dismissed Plaintiff's Americans With Disabilities Act, Fair Housing Act, fraud, conspiracy, and California Business and Professions Code claims without prejudice, granted Plaintiff thirty days leave to amend, and indicated that it would grant a thirty day extension upon request. (Id.) On September 11, 2006, AIC filed an answer. (Doc. No. 32.) Plaintiff did not file an amended complaint or request an extension of time to file an amended complaint.[1] Rather, on September 25, 2006, Plaintiff filed a motion to dismiss the case without prejudice. On October 25, 2006, AIC filed an opposition and a request for attorney's fees and costs. After reviewing the papers, the Court **GRANTS** Plaintiff's motion to dismiss without prejudice and **ORDERS** the clerk to close the case. If Plaintiff seeks to file an amended complaint following the dismissal, he should submit his proposed amended complaint with an application to the Court setting fourth good cause for the delay. The Court would then give AIC an opportunity to object. The Court reserves the right to make an appropriate ruling granting or denying the application based on the law and applicable limitations period. Additionally, the Court **DENIES** AIC's request for attorney's fees and costs.

IT IS SO ORDERED.

Dated: 10/27/06

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[1] In its order, the Court noted that AIC presented evidence that Plaintiff owned a residence in Peoria Arizona, had cashed checks issued to him by AIC, and was the beneficiary of a $2 million trust, the location of which was unknown. At the initial hearing May 3, 2006, AIC authorized Plaintiff to use the funds previously remitted to him, over $32,000, without restriction. (Id.)

**COPIES TO:**
Steven Scott Smillie
7558 W. Thunderbird Road, Suite 1, Box 210
Peoria, AZ 85381

Laura Hogan
Lindahl, Schnabel, Kardassakis & Beck LLP
660 S. Figueroa Street, Suite 1500
Los Angeles, CA 90017-3457